IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 12-566-1 |
| | : | |
| MELVIN SANTIAGO | : | |

MEMORANDUM OPINION

SCHMEHL, J. /s/ JLS.                                                                                 May 7, 2024

In 2015, Defendant pleaded guilty to various drug and firearm offenses arising from his cocaine trafficking in Allentown, Pennsylvania, with the assistance of his co-defendants, over the course of an approximately six-month period in 2012. He was sentenced to ten years' incarceration to be followed by eight years of supervised release. Defendant, who has completed his term of incarceration and half his term of supervised release, has filed a motion for early termination of his supervised release based primarily on his compliance with the terms of his supervision and assimilation into the community. While Defendant's conduct is surely commendable, the Court denies the motion because the factors set forth in 18 U.S.C. § 3553(a), Defendant's conduct, and the interest of justice do not justify terminating his supervised release at this juncture.

I.   BACKGROUND

On March 20, 2014, the *pro se* movant, Melvin Santiago ("Santiago"), pursuant to a plea agreement, pleaded guilty to multiple charges in Indictments in two separate cases, which were consolidated for the purposes of his guilty plea and sentencing. *See* ECF No. 389, Ex. A, Guilty Plea Agreement ("GPA") at 1–2.[1] Regarding the Indictment in this case, Santiago pleaded guilty to the following charges: (1) Conspiracy to distribute 500 grams or more of cocaine in violation

---

[1] Many of the relevant documents in this matter are unavailable on the CM/ECF system because they are under seal. As such, the Court cites to documents attached to other filings when setting forth the background in this case.

of 21 U.S.C. § 846;[2] (2) Distribution of cocaine within 1,000 feet of a public school in violation of 21 U.S.C. § 860(a);[3] (3) Distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C);[4] (4) Distribution and aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2;[5] (5) Possession with intent to distribute and aiding and abetting the possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(l), (b)(l)(B) and 18 U.S.C. § 2;[6] (6) Possession with intent to distribute and aiding and abetting the possession with intent to distribute 500 grams or more of cocaine within 1000 feet of a public school in violation 21 U.S.C. § 860(a) and 18 U.S.C. § 2;[7] and (7) Possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).[8] *See* GPA at 1–2.

On August 27, 2015, the Honorable James Knoll Gardner, now deceased, held a sentencing hearing during which Judge Gardner imposed, *inter alia*, the following terms of imprisonment:

> [A] term of 70 months on each of Counts 1, 9, 11, 13 and 16, associated with Docket Number 12-CR-566-1; and a term of 40 months on each of Counts 1 and 5, associated with Docket Number 14-CR-12-1, to be served concurrently; and a consecutive term of imprisonment of 50 months on Count 19, associated with Docket Number 12-CR-566-1 is imposed for a total custodial sentence of 120 months. There is no further penalty for each of Counts 10, 12 and 15, associated with Docket Number 12-CR-566-1, because they are lesser-included offenses.

ECF No. 399, Ex. A, Aug. 27, 2015 Tr. of Sentencing Hrg. (Day 3) at 63–64. Thus, the total aggregate sentence of incarceration was for ten years. *See id.* Judge Gardner also ordered Santiago

---

[2] *See* Indictment, Count One, ECF No. 29.
[3] *See id.*, Count Nine.
[4] *See id.*, Count Ten.
[5] *See id.*, Count Eleven.
[6] *See id.*, Counts Twelve and Fifteen.
[7] *See id.*, Counts Thirteen and Sixteen.
[8] *See id.*, Count Nineteen. Santiago also pleaded guilty to charges at Criminal Action No. 14-CR-12, which was originally filed in the Middle District of Pennsylvania at Criminal Action No. 12-CR-00006. Those charges included: (1) Conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), a lesser included offense of 21 U.S.C. § 841(a)(l), (b)(1)(A); and (2) Conspiracy to possess firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 1924(o). *See* GPA at 2.

to be placed on eight years of supervised release.[9] *Id.* at 63–64, 71, 74–75; *see also* ECF No. 340. Judge Gardner entered his Judgment of Sentence on September 16, 2015. *See* ECF No. 340.

Santiago never appealed from his Judgment of Sentence; however, he initiated a collateral challenge to his convictions and sentence by filing a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 that the Clerk of Court docketed on February 13, 2017. *See* ECF No. 377. After the section 2255 Motion was fully briefed, *see* ECF Nos. 389, 397–99, 405–06, the Honorable Edward G. Smith,[10] now deceased, entered a Memorandum Opinion and Order on June 16, 2017, which, *inter alia*, denied the section 2255 Motion and declined to issue a Certificate of Appealability.[11] *See* ECF Nos. 408–09. Santiago did not file a petition for a certificate of appealability with the Third Circuit Court of Appeals.

On April 25, 2019, Santiago filed a Motion for Reduction of Sentence pursuant to section 404 of the First Step Act (the "Act"). *See* ECF No. 446. Judge Smith entered an Order denying this Motion on September 5, 2019. *See* ECF No. 450.

On November 28, 2023, Santiago filed the instant Motion for Early Termination of Supervised Release. *See* ECF No. 479. Due to Judge Smith's passing, Chief Judge Juan R. Sanchez reassigned this case from Judge Smith's calendar to the undersigned's calendar on December 4, 2023. *See* ECF No. 480. On the same date, the Government filed a Response in Opposition to the Motion. *See* ECF No. 481. The Motion is therefore ripe for resolution.

---

[9] The sentence also included a special assessment and order of restitution. *See* ECF No. 340.

[10] On May 4, 2017, then-Chief Judge Petrese B. Tucker reassigned this case from Judge Gardner's calendar to Judge Smith's calendar. *See* ECF No. 390.

[11] Judge Smith denied the section 2255 Motion because it was untimely and otherwise barred by Santiago's plea agreement with the Government. *See* June 16, 2017 Mem. Op. at 20, ECF No. 408. In the Memorandum Opinion and Order, Judge Smith also denied a Motion for Appointment of Counsel Santiago had filed. *See id.* at 21; *see also* ECF No. 403.

3

## II. DISCUSSION

### A. Law Applicable to Motions for Early Termination of Supervised Release

With respect to Santiago's Motion for Early Termination of Supervised Release, the Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). As the individual seeking early termination of supervised release, Santiago has the burden to show that early termination is warranted. *See United States v. Mabry*, 528 F. Supp. 3d 349, 356 (E.D. Pa. 2021) ("The burden is on the defendant to show that early termination is warranted under the factors set out in the statute." (citing *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989))).

### B. Analysis

#### 1. The Timeliness of the Motion

The Court must first determine whether Santiago's Motion is timely filed. *See* 18 U.S.C. § 3583(e)(1) (indicating that court may only terminate period of supervised release if defendant has served one year of supervised release). The Government acknowledges that Santiago had already served 43 months of supervised release at the time it filed its Response in Opposition to his Motion. *See* Gov't's Resp. in Opp'n to Def.'s Mot. for Early Termination of Supervised Release at 6, ECF

4

No. 481. Accordingly, the Court finds that Santiago has served the necessary one-year period of supervised release prior to filing his Motion.

### 2. The Merits of the Motion

Since Santiago timely filed his Motion, the Court now addresses its merits. As explained above, the Court must consider the relevant section 3553(a) factors in addressing the instant Motion. *See* 18 U.S.C. § 3582(e)(1). Those relevant factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> . . .
>
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> >
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > >
> > > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> >
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress

5

(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

 (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

 (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)–(7) (internal footnote omitted).[12] "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient." *Melvin*, 978 F.3d at 52–53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

"[A] district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* at 53. Thus, while "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, . . . they are not *necessary* for such termination." *Id.* (citing *Murray*, 692 F.3d at 279). Moreover,

> "[g]*enerally*, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen

---

[12] The Court omits section 3582(a)(2)(A), which requires that a sentence "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide just punishment for the offense[,]" because "the only [traditional sentencing] factor *not* relevant to a court's decision of whether to impose supervised release ... is 'the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) (alterations in original) (citation omitted).

6

> circumstances" warrant it. [*United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)] (emphasis added) (internal quotation marks omitted). That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.* (first alteration in original).

Although the undersigned was not the sentencing judge, the Court has considered each of the relevant section 3553(a) factors in addressing whether to terminate Santiago's period of supervised release. The Court concludes that Santiago has not shown that his conduct and the interest of justice warrant early termination of his supervised release.

The Court recognizes that

> the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." [*United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)] (internal quotation marks omitted). "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Thus, "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* Importantly, "[s]upervised release ... is not punishment in lieu of incarceration," *United States v. Granderson*, 511 U.S. 39, 50, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994), but rather is primarily concerned with "facilitat[ing] the reintegration of the defendant into the community." *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995).

*Murray*, 692 F.3d at 280 (second and third alterations in original).

Here, the thrust of Santiago's argument in support of his Motion is that he has, *inter alia*, fully (1) complied with the terms of his supervision and (2) reintegrated into society in terms of housing, family, and employment. *See* Unopposed Mot. for Early Termination of Supervised Release at 1, 2–3, ECF No. 479.[13] Essentially, Santiago is seeking early termination of his supervised release because he is complying with the terms of his supervised release. This is not a

---

[13] Although Santiago labels his Motion as "Unopposed," he does not mention anything in the Motion showing that it is, in fact, unopposed. Moreover, the Government has opposed the Motion.

7

proper basis for early termination because Santiago is already required to comply with the terms of supervised release. *See United States v. Guilliatt*, No. Crim. A. 01-408, 2005 WL 589354, at *1 (E.D. Pa. Jan. 18, 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation." (citing *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10, 1998))); *see also United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("Taylor also argues the district court abused its discretion in denying his motion [for early termination of supervised release] because he adhered to the conditions of his supervised release. But mere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."); *United States v. Moon*, Crim. No. 19-143, 2021 WL 3738910, at *4 (W.D. Pa. Aug. 24, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." (citation omitted)). Also, "[t]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Berger*, Crim. No. 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021).

Santiago's conduct, which seemingly includes consistent employment, reintegration into the community, and compliance with all conditions of supervised release, is undoubtedly commendable. Nonetheless, given that Santiago is seeking to terminate supervised release after only reaching the halfway point of his supervision, the Court does not find that his commendable conduct warrants early termination of his supervision. Instead, the interest of justice is best served by Santiago continuing with his term of supervised release.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Santiago has failed to meet his burden to demonstrate that early termination of his supervised release is warranted at this time. Accordingly, the Court denies the Motion.

A corresponding order accompanies this Memorandum Opinion.